UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT BENITEZ,

                          Plaintiff,

    v.                                       No. 13-CV-1404
                                              (TJM/CFH)

TAYLOR, Correctional Officer;
Great Meadow Correctional Facility,
PREVOST, Correctional Officer; Great
Meadow Correctional Facility.

                        Defendants.

---

**APPEARANCES:**

ROBERT BENITEZ
Plaintiff Pro Se
07-A-6272
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ERIC T. SCHNEIDERMAN
Attorney General for the
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**OF COUNSEL:**

C. HARRIS DAGUE, ESQ.
Assistant Attorney General

**CHRISTIAN F HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Robert Benitez ("Benitez"), a former inmate in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, two DOCCS employees, violated his

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

constitutional rights under the Eighth Amendment.  Compl. (Dkt. No. 1); Dkt. No. 4.

Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b).  Dkt.

No. 14.  Benitez does not oppose the motion.  For the reasons that follow, it is

recommended that defendants' motion be granted.

## I.  Background

On November 12, 2013, Benitez commenced this action by filing a complaint alleging

that defendants violated his Eighth Amendment rights by using excessive force against him.

Compl. (Dkt. No. 1); Dkt. No. 4.  Benitez was incarcerated at the Great Meadows

Correctional Facility ("Great Meadows") at the time the complaint was filed.  Compl. at 2.

Along with his complaint, Benitez submitted a Motion for Leave to Proceed In Forma

Pauperis ("IFP").  Dkt. No. 2.  This was the Court's last contact with Benitez.

On February 20, 2014, the IFP order was mailed to Benitez's address but was returned

as "undeliverable" and the envelope read "released."  Dkt. No. 6.  The IFP order contains a

notice to Benitez requiring him to notify the Court and defendants' counsel of any change of

address.  Dkt. No. 4 at 15.  The notice specifically advises that the failure to notify the Court

of his address could result in the dismissal of his complaint.  Id.

On February 27, 2014, defendants mailed their answer to the complaint to Benitez's last

known address, but the answer was returned with the envelope marked "Refused, Unable

to Forward" and "Return to Sender."  Dague Decl. (Dkt. No. 14-2) ¶¶ 6–7; Dkt. No. 14-3 at

8.  On two separate occasions, defendants attempted to serve their mandatory disclosure

documents on Benitez but the packages were returned and marked "undeliverable."  Dague

Decl. ¶¶ 10–11, Dkt. Nos. 13, 14-3 at 10–11.  The Court also attempted to mail the Pre-Trial

Discovery and Scheduling Order to Benitez but that order was returned as "undeliverable" with the envelope reading "released." Dkt. No. 12. The DOCCS "Inmate Locator" indicates that Benitez was released from Great Meadows on January 11, 2014. Dkt. No. 14-3 at 13.

## II. Discussion

Defendants seek dismissal of Benitez's complaint for his failure to contact the Court and notify the Court and defendants of his current address.

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . . ." FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y. 1998); see also N.D.N.Y.L.R. 41.2(b).

Since a Rule 41(b) dismissal is a "harsh remedy . . . [it] is appropriate in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted). Furthermore, courts should be "especially hesitant" to dismiss an action of a pro se plaintiff for "procedural deficiencies." Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (internal citations omitted); see also Triestman v. Fed. Bureau of Prisons, 470 F. 3d 471, 477 (2d Cir. 2006). To determine whether dismissal for failure to prosecute is appropriate, courts should consider whether:

> (1) plaintiff's failure to prosecute caused a delay of significant duration; (2) the plaintiff was given notice that further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

3

Lucas, 84 F.3d at 535; see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (citations omitted).

According to the Local Rules of Practice for this district ("Local Rules"), "[a]ll attorneys of record and pro se litigants must immediately notify the court of any changes of address." N.D.N.Y.L.R. 10.1(c)(2) (emphasis omitted). Failure to do so will subject the action to dismissal under Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(b) for lack of prosecution. See e.g., Fenza v. Conklin, 177 F.R.D. 126, 127 (N.D.N.Y. 1998) (dismissing inmate's action for failure to notify the Court of current address); see also Rosa v. Keiser, No. 10–CV–1313 (DNH/DRH), 2012 WL 2178961, at *1 (N.D.N.Y. May 14, 2012) (dismissing former inmate's action for failure to notify the Court of current address).[2]

In this case, dismissal is justifiable. Defendants contend that Benitez's lack of correspondence with the Court and failure to notify the Court of his current address are grounds for dismissal of his complaint. First, Benitez has failed to prosecute this action for almost nine months. The last correspondence between the Court and Benitez was the filing of the complaint and IFP application on November 12, 2013. Dkt. Nos. 1, 2. A delay of this length makes it significantly difficult to proceed with this action. Fenza, 177 F.R.D. at 127; Rosa, 2012 WL 2178961, at *1. Second, defendants will be prejudiced by further delay because the defendants have been attempting to send their answer and disclosures to Benitez with no avail. Additionally, defendants will be prejudiced because further passage of time will result in difficulty locating witnesses and preserving evidence. Barber v. United States, No. 11-CV-1100 (GTS/DEP), 2012 WL 1681978, at *1 (N.D.N.Y. May 14, 2012)

---

[2] All unpublished opinions cited to by the Court in this Report-Recommendation are, unless otherwise noted, attached to this Recommendation.

4

(citing Georgiadis v. First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. . . . The additional delay that plaintiff has caused here can only make matters worse.")). Third, the need to alleviate the Court's docket outweighs Benitez's right to an opportunity to his day in court because there has been an extensive passage of time without any progress in the litigation due to Benitez's failure to contact the Court. Barber, 2012 WL 1681978, at *1 ("It is the need to monitor and manage dilatory cases like this one that delay the resolution of other cases, and contribute to the Second Circuit's relatively long median time to disposition for pro se civil rights cases.").

Lastly, even though Benitez's failure to respond may be attributed to his failure to apprise the Court of his current address, because all parties have an ongoing obligation to keep their addresses updated with both the Court and adversaries, N.D.N.Y.L.R. 10.1(c)(2), such an explanation is irrelevant. N.D.N.Y.L.R. 10.1(c)(2), 41.2(b); Fenza, 177 F.R.D. at 126; Rosa, 2012 WL 2178961, at *1. Since there is no way to contact or locate Benitez, the imposition of a lesser sanctions would be futile in this case. Therefore, pursuant to Rule 41(b), dismissal of this action warranted.

Accordingly, defendants' motion should be granted.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Dkt. No. 14) be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO**

5

**OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C §636(b)(1); FED R. CIV. P. 72, 6(a), 6(e).

Date: August 7, 2014
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge